UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RUI XIANG HUANG, on behalf of herself and
others similarly situated,

                Plaintiff,

    - v -

J&A ENTERTAINMENT INC., et al.,

                Defendants.
------------------------------------------------------------x

**OPINION AND ORDER**

CV-09-5587 (ARR)(VVP)

      The plaintiff has moved for conditional collective active certification and for approval of notice to potential similarly situated plaintiffs pursuant to title 29, United States Code, section 216(b). In connection with that motion the plaintiff has now submitted declarations under oath from herself and one other person which provide a factual basis for the motion. At a hearing on June 23, 2010, the court advised the parties on the record that the facts in the declarations appeared sufficient to satisfy the standards for the relief sought, but agreed with the defendants' counsel that one of the declarations was not properly submitted. Specifically, the declaration of the plaintiff Rui Xiang Huang was in English, a language which she does not speak. To be proper, the defendants argued, the declaration should be submitted in a language she reads and understands – in this case, Chinese – along with a certified translation into English. The court thus advised the parties that the certification of a collective action would not be entered unless and until the plaintiff submitted her declaration in that fashion.

      The plaintiff has now filed with the court a declaration in Chinese together with an English translation certified under oath to be accurate. The defendants have not

challenged the translation. Accordingly, the court is now prepared to enter the order requested by the plaintiff.

Under the provisions of the Fair Labor Standards Act ("FLSA"), "one or more employees" may move to have a case certified as a collective action "for and in behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b); *see Gortat v. Capala Bros., Inc.*, No. 07-CV-3629, 2009 WL 3347091, at*8 (E.D.N.Y. Oct. 16, 2009) (*citing Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003)). If an action is conditionally certified to proceed as a collective action, the court may also authorize the plaintiff to provide written notice to other potential plaintiffs that they have a right to join the action. *Gjurovich*, 282 F. Supp. 2d at 104.

To obtain conditional certification, "[t]he named plaintiff must . . . show that he is similarly situated to the prospective plaintiffs who would benefit from notice of the right to join." *Gortat*, 2009 WL 3347091, at *8 (*citing Bowens v. Atl. Maint. Corp.*, No. 06-CV-809, 2008 WL 1827439, at *23 (E.D.N.Y. Apr.23, 2008)). The factors district courts in this Circuit have considered in determining whether a named plaintiff is "similarly situated" to other prospective plaintiffs include "(1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against notification to the class." *Laroque v. Domino's Pizza LLC*, 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008) (*quoting Guzman v. VLM, Inc.*, No. 07-CV-1126, 2007 WL 2994278, at *3 (E.D.N.Y. Oct.11, 2007)). At the conditional certification stage, the plaintiff

need only make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (collecting cases). And unlike class action certification under Rule 23, collective action certification does not require any showing of numerosity, typicality, commonality or representativeness. *E.g., Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007).

As the court indicated at the hearing on June 23, the declarations submitted in support of the plaintiff's motion are sufficient to satisfy the above standards. The two declarations, subscribed under penalties of perjury by the plaintiff and another individual – Siew Choo Lim, both assert that the declarants have been employed for a number of years as tour guides by the defendants. They both assert that they generally worked as much as twelve hours a day, and were paid between $35 and $45 per day, an amount which is well under the minimum wage. They further assert that they never received any overtime pay for any hours in excess of forty hours. They both say that others are employed as tour guides doing the same type of work, for the same pay, and they estimate that at least 25 persons are working for the defendants as tour guides at any given time. Although the defendants' counsel offered arguments at the hearing to suggest that the declarants had no basis for making the above assertions, the defendants offered no evidence to the contrary.

The assertions in the declarations are more than adequate to establish the existence of a common policy that violates the minimum wage and overtime

requirements of the FLSA. The assertions themselves demonstrate no substantial disparities in the employment settings of the potential plaintiffs, and the defendants have not suggested any. Nor is there any basis in the record to suggest the likelihood that the defenses available to the defendants would be largely individual to each plaintiff, or that considerations of fairness or procedure counsel against certification.

Accordingly, as the court is satisfied that the plaintiff has met the minimal burden of demonstrating that there are prospective plaintiffs who are similarly situated to her and who would benefit from notice of this action, the motion for collective action certification is hereby GRANTED. The form of notice is to be submitted for final approval by the court in accordance with the schedule set at the hearing.

        **SO ORDERED:**

        *Viktor V. Pohorelsky*
        VIKTOR V. POHORELSKY
        United States Magistrate Judge

Dated: Brooklyn, New York
        June 29, 2010