UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RUI XIANG HUANG, et al., on behalf of
themselves and others similarly situated,

                        Plaintiffs,

     - v -

J&A ENTERTAINMENT INC., et al.,

                        Defendants.
-----------------------------------------------------------x

**ORDER**

CV-09-5587 (ARR)(VVP)

       The defendants seek an order awarding them costs and attorneys' fees that were needlessly incurred when the plaintiff Rui Xiang Huang failed to appear for her deposition. There is no dispute that the plaintiff's deposition was duly scheduled to occur on March 21, 2011 at 12:00 noon at the offices of the defendants' counsel and that the plaintiff did not appear. There is also no dispute that the parties did not agree to postpone or reschedule the deposition. Rather, the only explanation offered by the plaintiff for her failure to appear is that an offer of settlement had been made by the plaintiff's counsel on the Friday afternoon prior to the Monday deposition date. Although it is undisputed that the offer was not accepted – the defendants' counsel said he would communicate the offer to his clients – the plaintiff's counsel contends that the defendants' counsel "should have understood" that the deposition would not be going forward until discussions on settlement had been "finalized."

       That explanation for the plaintiff's failure to appear is entirely insufficient. As the deposition date had been scheduled by agreement of the parties memorialized in emails on March 11 (indeed the parties were under court order to complete the depositions of both of the plaintiffs by April 11), it was incumbent on the plaintiff's counsel to specifically raise the

subject of adjourning the Monday deposition with his adversary and either to obtain an agreement in writing to do so, or to seek a protective order from the court.  By Friday afternoon when the settlement offer was made, the plaintiff's counsel must have known that his adversary had already made arrangements, not only for a court reporter, but for a Mandarin interpreter as well, since the plaintiff had asserted that an interpreter was needed for her deposition.  By failing to raise the issue, the plaintiff's counsel insured that the defendants would be bearing the out-of-pocket costs of those services, not to mention the costs in attorney time of preparing for the depositions.  Moreover, the defendants' counsel were duty-bound to prepare for the deposition as they would be equally at fault if they failed to proceed at the appointed time without obtaining an agreed-upon adjournment or a protective order.

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to appear for a duly scheduled deposition "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3) (emphasis added).  The plaintiff's explanation falls far short of substantial justification for the failure to appear.

In an effort, perhaps, to demonstrate other circumstances that would make an award of expenses unjust, the plaintiff's counsel has made a cross-motion for sanctions under Rule 11.  The motion is based in part on the assertion that the defendants' motion was made for the improper purpose of harassing the plaintiff and needlessly increasing the cost of

litigation. The motion also appears to be based in part on a telephone conversation between the plaintiff's counsel and the defendants' counsel that occurred after the defendants' motion for sanctions had been filed. The plaintiff's counsel asserts that the defendants' counsel offered to withdraw the motion for sanctions if the plaintiff would dismiss her claim. He further asserts that the defendants' counsel threatened to disclose certain tax return information that the court had ordered the plaintiff to produce under the protection of a confidentiality order, and purports to quote verbatim from the conversation.

In response, the defendants' counsel fires back that although he may have made some "inappropriate" and "flippant" remarks concerning the confidentiality of the plaintiff's tax return information, they came at a point in the conversation where the remarks by the plaintiff's counsel suggested that the plaintiff's counsel was prepared to lie to the court and assert that he *had* requested an adjournment of the deposition. He notes that the verbatim quotations from the conversation by the plaintiff's counsel suggests that he had made an illicit, and unethical, recording of the conversation, and the defendants' counsel therefore demands that the plaintiff's counsel state whether he secretly recorded that and other conversations with the defendants' counsel and that the plaintiff's counsel produce the audio recording of the whole conversation to permit the court to evaluate the entire context of their verbal exchanges.

These accusations and counter-accusations by counsel paint neither in an attractive light. But they provide no basis for the court to intervene or to deny the defendants' motion for sanctions. First, as detailed above, the defendants' motion for sanctions provides no

basis for relief under Rule 11 as it well-founded and made for the entirely appropriate purpose of recovering from the plaintiff the costs unnecessarily incurred because of the plaintiff's misconduct. It is the plaintiff's misconduct that has needlessly increased the cost of litigation, not the defendants'. Nor does the conversation recounted by the plaintiff's counsel afford any basis for relief under Rule 11 because the cross-motion is made in utter disregard of Rule 11(c)(2) which requires that the motion be made separately from any other motion and may not be filed until it has been first served on one's adversary and the adversary has been afforded 21 days to withdraw the allegedly offending pleading or motion. The plaintiff's failure to follow that procedure requires the court to dismiss the cross-motion.

Nor does the conversation alleged by the plaintiff's counsel provide a basis for denying the defendants' motion for sanctions or for the court to take further action against counsel for either of the parties. That conduct occurred *after* the events giving rise to the valid motion for sanctions had already occurred and the motion for sanctions had been made. Thus, any remedy that might be required for improper conduct occurring in the conversation should be considered separately from the remedy for the plaintiff's failure to appear for her deposition. In any event, although the defendants' counsel acted improperly by suggesting that information subject to the court's confidentiality order might be "accidentally" disclosed, no such disclosure has actually occurred, and there is therefore no violation of the court's order for the court to redress. Nor is there a need, at this point, to address the allegation that the plaintiff's counsel improperly recorded the conversation in question. Although the plaintiff's counsel may have improperly recorded the conversation,

since proof of the contents of the conversation is not required by the court to determine any issue now before the court, there is no need for the court to determine whether a secret recording was actually made and to require its production if it was. The court is not inclined to function as a disciplinary body to determine all alleged violations of the rules governing attorney conduct in the State of New York, only those that directly affect the decisions the court is required to make.

      The only matter left to determine, then, is the amount of the costs and fees to be awarded to the defendants for the plaintiff's failure to appear for her deposition. The out-of-pocket costs incurred for the appearance of the Mandarin interpreter and the court reporter, including any transcription costs incurred to note the non-appearance of the plaintiff, must be reimbursed in their entirety. As to attorney's fees, compensation for the full seven hours of attorney time requested relating to preparation for and attendance at the deposition is not appropriate because at least some of that time will serve to reduce the time needed to prepare for the plaintiff's deposition when it finally occurs. Moreover, the fee of $300 is higher than appropriate for work of that nature. Thus the defendants are entitled to reimbursement for five hours of preparation and attendance time at the rate of $250 per hour. In addition the defendants are entitled to reimbursement for three hours of attorney time, also at the rate of $250 per hour, in connection with the making of the sanctions motion. Finally, because the plaintiff's counsel is at least partially, if not entirely, responsible for the events that have caused the defendants to incur the above costs and expenses, both the plaintiff and the

plaintiff's counsel are jointly and severally liable for the total amount of the sanctions awarded.

In conclusion, the defendants' motion for sanctions is GRANTED. The plaintiff's cross-motion under Rule 11 is dismissed as improperly made. The plaintiff and the plaintiff's counsel are required to pay a total of $2,000 for attorneys' fees, and all reasonable costs for the Mandarin interpreter and the court reporter as established by the invoices they tender to the defendants. The $2,000 payment shall be made within fourteen days from the date of this order. Payment for the other out-of-pocket costs shall be made within fourteen days after the defendants' counsel presents the plaintiff's counsel with the invoices for those costs.

SO ORDERED:

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         April 12, 2011