```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RUI XIANG HUANG and SIEW CHOO LIM
on behalf of themselves and others similarly
situated,
                                                                    **REPORT AND**
                           Plaintiffs,                              **RECOMMENDATION**

            - v -                                                   09-CV-5587 (ARR) (VVP)

J&A ENTERTAINMENT INC. d/b/a GOLDEN
GLOBAL TRAVEL and AI XIA ZHAN,

                           Defendants.
-----------------------------------------------------------------x
```

POHORELSKY, Magistrate Judge:

The plaintiff Siew Choo Lim brings her claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the New York Labor Law, N.Y. Labor L. § § 2, 651, 663(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.2 (2003) ("NYLL"), and state common law. The defendants have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 as to all three counts in the plaintiff's Complaint, and in the alternative as to count three, for judgment on the pleadings pursuant to Federal Rule of Civil Procure 12(c). The plaintiff has cross-moved for partial summary judgment solely on the defendants' contention that the plaintiff was an independent contractor and not an employee of the defendants. Judge Allyne Ross has referred the motions to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that summary judgment be granted in part and denied in part.

**I.    BACKGROUND & PROCEDURAL HISTORY**

In setting out the facts, the court relies on the parties' Local Civil Rule 56.1 Statement of Facts, to the extent they are supported by citations to the record, as well as the exhibits attached

to the parties' moving papers, and the pleadings, admissions, and prior rulings that have occurred.[1] The facts below are undisputed unless otherwise indicated.[2]

The defendants operate a business that sells roundtrip bus tickets to individuals wishing to travel from Flushing, New York to the Mohegan Sun Casino in Uncasville, Connecticut. Defs. Rule 56.1 Statement [DE[3] 92-20] ¶ 2. The defendant Ai Xia Zhan ("Zhan" or "Anna") is the owner, sole shareholder, and manager of J&A Entertainment Inc. ("J&A"). *Id.* ¶ 1. J&A employs individuals called "tour guides" to sell the tickets prior to the bus's departure and to travel with the customers to the casino. *Id.* ¶ 3. J&A employee Jack Wang is responsible for hiring and firing the tour guides. Pl. Rule 56.1 Statement [DE 90] ¶ 6.

Individuals who buy tickets from J&A typically spend several hours at the Mohegan Sun Casino and are assigned a return bus ticket for a certain time. Although customers can leave on an earlier or later bus to return to Flushing, they are guaranteed seats only on the bus on which they travel to the casino, which typically departs five hours after their arrival. Deposition of Ai Xia Zhan, Ex. A to Coleman Decl. [DE 92-2] ("Zhan Dep.") 77:13-20, 80:15-81:11; Deposition of Siew Choo Lim, Ex. C to Coleman Decl. [DE 92-4] 123:9-14. Tour guides who accompany

---

[1] In support of her motion, the plaintiff has submitted the following: (1) Affirmation of C.K. Lee, Esq. with attachments [DE 89], (2) a Rule 56.1 Statement with attachments [DE 90], as well as a Memorandum [DE 91] and Reply Memorandum [DE 98] in support. In opposition, the defendant has filed a Counter Rule 56.1 Statement [DE 94-3] and Memorandum in Opposition [DE 94]. In support of their motion, the defendants have submitted the following: (1) Declaration of Andrew Coleman with supporting exhibits [DE 92-1 – 92-19], (2) a Rule 56.1 Statement [DE 92-20], and a Memorandum [DE 92-21] and Reply Memorandum [DE 97] in support. In opposition, the plaintiff filed a Counter Rule 56.1 Statement [DE 96] and a Memorandum in Opposition [DE 95].

[2] The defendants object to the plaintiff's submissions because the plaintiff has failed to provide them with a copy of the attachments to her moving papers or to file them on ECF. As the court recommends that the plaintiff's motion be denied, this failure has caused no prejudice to the defendants. Nonetheless, although the plaintiff provided the court with hard copies, because the plaintiff failed to comply with Judge Ross's Individual Motion Practices requiring electronic filing and has failed to serve the defendants, the court has not relied on documents not filed electronically in making its recommendations herein. In any event, the unfiled documents would not have altered the court's recommendations. Should the plaintiff wish to rely on these documents in objecting to the R&R, she should file them on ECF.

[3] DE is an abbreviation used to refer to docket entries in this matter.

patrons to the casino are provided with food and gambling coupons that they can redeem at the casino. Defs. Rule 56.1 Statement [DE 92-20] ¶ 42. The tour guides typically stay at the casino for five hours and return with the patrons with whom they arrived. Zhan Dep. 76:13-77:4. On the bus ride home, patrons give the tour guides tips. *Id.*

The plaintiff Siew Choo Lim ("Lim" or "plaintiff") was employed by the defendants as a tour guide from about 2005 to 2008. Defs. Rule 56.1 Statement [DE 92-20] ¶¶ 4-6. For her work as a tour guide, the plaintiff made between $40 and $45 per day. *Id.* ¶ 7; Pls. Counter Rule 56.1 Statement [DE 96], ¶ 7. The plaintiff worked as a tour guide for the defendants three to five days per week. Defs. Rule 56.1 Statement [DE 92-20] ¶ 45.

This action was initially commenced by Rui Xiang Huang ("Huang") on behalf of herself and others similarly-situated. The focus of the Complaint was that tour guides were not compensated for the overtime they worked and were not paid the minimum wage. Complaint [DE 1]. The plaintiff Lim thereafter filed her consent to become a named plaintiff in this action and an Amended Complaint was filed, which added a claim for defamation. [DE 22, 53]. The court granted the plaintiffs' motion for conditional collective action certification and for approval of notice to potentially similarly-situated plaintiffs pursuant to 29 U.S.C. § 216(b). [DE 27]. No additional plaintiffs have opted into the action, however, and the plaintiff Huang has dismissed her claims against the defendants with prejudice. Accordingly, plaintiff Lim is the sole remaining plaintiff in this case and it is her claims that are addressed in the parties' cross-motions for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment will be granted if no genuine issue of material fact remains to be decided and the undisputed facts warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Inst. for Shipboard Educ. v. Cigna Worldwide Inc. Co.*, 22 F.3d 414, 418 (2d Cir. 1994). If a reasonable jury could

return a verdict in favor of the non-moving party, a material issue of fact remains in contention and the motion for summary judgment must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). On the other hand, if the evidence in favor of the non-movant is "merely colorable" or so insufficient such that no rational trier of fact could find in its favor, summary judgment may be granted. *Id.* at 249-50 (citing *Dombrowski v. Eastland*, 387 U.S. 82 (1967)). Any ambiguities and all inferences must be drawn in favor of the non-movant, and the court must view the evidence in the light most favorable to the non-movant. *See Tufariello v. Long Island R.R. Co.*, 458 F.3d 80, 85 (2d Cir. 2006); *Inst. for Shipboard Educ.*, 22 F.3d at 418; *Twin Labs, Inc. v. Weider Health & Fitness*, 900 F.2d 566, 568 (2d Cir. 1990). The court is charged not with weighing the evidence or even with determining the truth, but with ensuring that genuine issues of fact remain in dispute. *See Century Pacific, Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 218 (S.D.N.Y. 2007) (citing cases).

The burden of proving that no material issue of fact remains in dispute rests on the moving party. *Celotex Corp.*, 477 U.S. at 322; *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). Where both sides move for summary judgment, each party's motion is examined on its own merits, and all reasonable inferences are drawn against the party whose motion is under consideration. *Chandok v. Klessig*, 632 F.3d 803, 812 (2d Cir. 2011). If the moving party meets that initial burden by making an evidentiary showing suggesting that no material factual issues remain, the burden then shifts to the non-moving party to produce evidence raising a material question of fact. *See* Fed. R. Civ. Pro. 56(e); *Miner v. Clinton County, New York*, 541 F.3d 464, 471 (2d Cir. 2008); *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1998). Thus, to avoid summary judgment, the non-movant must set forth specific factual allegations. *Kurisoo v. Providence and Worcester R.R. Co.*, 68 F.3d 591, 594 (2d Cir. 1995); *Fahle v Braslow*, 913 F. Supp. 145, 148-49 (E.D.N.Y. 1996) (citations omitted), *aff'd*, 111 F.3d 123 (2d Cir. 1997). In this vein, conclusory, *ipse dixit* assertions are not

sufficient to defeat summary judgment. *Western World Ins. Co. v. Stock Oil Inc.*, 922 F.2d 118, 121 (2d Cir. 1990). "'The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient' to defeat summary judgment. Rather, 'there must be evidence on which the jury could reasonably find for the [non-movant].' Moreover, the opposing party must set forth 'concrete particulars' showing that a trial is needed." *Cousin v. White Castle System, Inc.*, No. 06-CV-6335, 2009 WL 1955555, at *4 (E.D.N.Y. July 6, 2009) (quoting *Anderson*, 477 U.S. at 252).

Although the non-movant need not produce evidence in a form that would be admissible at trial, it cannot rest on the pleadings, and must set forth specific facts in affidavits, depositions, answers to interrogatories, or admissions on file, which together demonstrate a genuine issue for trial. Fed. R. Civ. Pro. 56(e); *Celotex Corp.*, 477 U.S. at 324; *United States v. Rem*, 38 F.3d 634, 643-44 (2d Cir. 1994); *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004); *Grennan v. Nassau County*, No. 04-CV-2158, 2007 WL 952067, at *5 (E.D.N.Y. Mar. 29, 2007). That said, a non-movant who bears the burden of proof at trial is not required to submit affidavits, but may oppose the motion on the basis of the pleadings, depositions, and admissions on file. *Celotex*, 477 U.S. at 324; *Patterson*, 375 F.3d at 219. Moreover, a "verified pleading, to the extent that it makes allegations on the basis of the plaintiff's personal knowledge, and not merely on information and belief, has the effect of an affidavit and may be relied on to oppose summary judgment." *Patterson*, 375 F.3d at 219 (citing *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir. 2001)). The materiality of the facts is determined by the substantive law governing the claims, and whether they "might affect the outcome of the suit under the governing law[.]" *Anderson*, 477 U.S. at 248.

Local Civil Rule 56 directs litigants to file statements and counter-statements of material facts about which there is no dispute, and also requires that each factual statement be followed by a citation to admissible evidence, in accordance with Federal Rule 56(e). The court, in its

discretion, however, may "overlook a party's failure to comply with local rules, including Rule 56.1." *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 83-84 (E.D.N.Y. 2010) (citing *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001)). Even in the absence of a Rule 56.1 statement altogether, courts have proceeded to rule on the basis of the underlying evidence. *See Locke*, 690 F. Supp. 2d at 84 (granting summary judgment for defendant despite failure to file Rule 56.1 statement); *Doe v. Nat'l Bd. of Podiatric Med. Examiners*, No. 03-CV-4034, 2004 WL 912599, at *3 (S.D.N.Y. Apr. 29, 2004) ("Plaintiff's motion will not be denied simply for failure to file a Local Rule 56.1 statement."); *United States v. Abady*, No. 03-CV-1683, 2004 WL 444081, at *2-3 (S.D.N.Y. Mar. 11, 2004) (defendant's failure to submit Rule 56.1 statement notwithstanding, court examines underlying evidence and substance of the claim before granting summary judgment for plaintiff). Lastly, a court "may in its discretion, opt to 'conduct an assiduous review of the record' even where one of the parties has failed to file such a [Rule 56.1] statement." *Holtz*, 258 F.3d at 73 (quoting *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 292 (2d Cir. 2000)).

### III.  THE DEFENDANTS' MOTION: OVERTIME AND MINIMUM WAGE CLAIMS

Both the FLSA and NYLL provide for full recovery of unpaid overtime wages. *See* 29 U.S.C. § 207(a); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2; N.Y. Lab. Law § 160. Both statutes require that employers compensate their employees at a rate not less than one and one-half times their regular rate for any hours exceeding forty in a workweek. *Id.* "To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946); *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 287 (2d Cir. 2008); *Grochowski v. Phoenix Const.*, 318

F.3d 80, 87 (2d Cir. 2003)). Both statutes also prescribe a minimum wage that must be paid to employees. *See* 29 U.S.C. § 206(a); N.Y. Lab. Law § 652(1).

The plaintiff has moved for summary judgment on the defendants' defense that she is an independent contractor and that the defendants were thus not her "employers" subject to liability under the FLSA and NYLL. The defendants have cross-moved, asserting that even assuming *arguendo* that the plaintiff was their employee, she was sufficiently compensated for the hours she worked. They argue that she worked at most five hours in any workday and 25 hours per week. The court undertakes the defendants' motion first, which raises one main factual question: whether the five hours the plaintiff spent at the casino between the bus's arrival and departure should be considered "work." As discussed below, this question raises disputed issues of fact affecting the entirety of the defendants' motion to dismiss the plaintiff's labor law claims. Therefore, the defendants' motion for summary judgment on the first and second claims in the plaintiff's Complaint should be denied.

### A. WAS THE PLAINTIFF WORKING DURING THE TIME AT THE CASINO?

An integral aspect of the plaintiff's complaint is her claim that the defendants required her to work, and that she did in fact work, while she was at the Mohegan Sun Casino for about five hours each day between the time the bus dropped her off and the time she got back on the bus. If the plaintiff was in fact on duty during those five hours, she could claim overtime for those weeks when she worked more than forty hours. As discussed below, the plaintiff has raised an issue of fact as to whether she was on duty during her time at the casino and accordingly the court recommends denying the defendants' motion for summary judgment on this issue.

Although Congress did not define the word "work" in the FLSA, the Second Circuit has defined "work" as

> exertion or loss of an employee's time that is (1) controlled or required by an employer, (2) pursued necessarily and primarily for the employer's benefit, and (3) if performed outside the scheduled work time, an integral and indispensable part of the employee's principal activities.

*Chao*, 514 F.3d at 285 (citing *Holzapfel v. Town of Newburgh, NY*, 145 F.3d 516, 522 (2d Cir. 1998); *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944); *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944); *Steiner v. Mitchell*, 350 U.S. 247, 252-53 (1956)). Work need not be "performed during scheduled on-duty hours for an employee to receive compensation." *Holzapfel*, 145 F.3d at 522. Where the work conducted during disputed overtime hours is the same as an employee's "regularly scheduled activities," then those overtime hours are necessarily compensable. *Chao*, 514 F.3d at 286 (awarding overtime hours and noting that it was "significant . . . that there seems to be no distinction between the exertion of Gotham's nurses during unauthorized and authorized hours.").

Even idle time may be considered work if it is "predominantly for the employer's benefit." *Armour*, 323 U.S. at 133; *see also* 29 C.F.R. § 778.223 ("working time is not limited to the hours spent in active productive labor, but includes time given by the employee to the employer even though part of the time may be spent in idleness"). The code of federal regulations provides guidance as to how to distinguish between on-duty and off-duty hours. The code states that an employee is "on duty" by virtue of being "engaged to wait" during times that are "usually of short duration" that are "controlled by the employer" and because "the employee is unable to use the time effectively for his own purposes." 29 C.F.R. § 785.15. Thus, in a case involving fire guards who often spent their on-call time for personal use such as sleeping or recreation, the Supreme Court found that they were working in terms of the FLSA because, "[o]f course an employer, if he chooses, may hire a man to do nothing, or to do nothing but wait for something to happen." *Armour*, 323 U.S. at 133. On the other hand, an employee is off duty during times when he is "completely relieved from duty and which are long enough to enable

him to use the time effectively for his own purposes." 29 C.F.R. § 785.16(a). The regulations also state that the employee must be specifically told that he is off duty during these times. "He is not completely relieved from duty and cannot use the time effectively for his own purposes unless he is definitely told in advance that he may leave the job and that he will not have to commence work until a definitely specified hour has arrived." *Id.*

The issue of whether an employee is entitled to overtime compensation is a mixed question of law and fact. It is for the court to determine as a matter of law whether the plaintiff's activities constitute work and it is for the fact finder to determine as a question of fact how much of the plaintiff's time was spent within the definition of work and how much of that time was spent with the employer's actual or constructive knowledge. *Holzapfel*, 145 F.3d at 521; *Capasso v. Metropolitan Transportation Authority of the State of New York*, 198 F. Supp. 2d 452, 459 (S.D.N.Y. 2002).

In support of her claim that she was "working" during her time at the casino, the plaintiff testified that she was required to remain at the casino by her employers. She testified that she and her colleagues were instructed by the defendant Zhan that she had to arrive with and depart with the same bus and with the same customers. Lim. Dep. 125:23-127:3, 128:10-129:9. She also testified that she was told by defendant Zhan and the manager Jack Wang that she was required to stay at the casino during the five-hour period between the bus's arrival and departure. Lim Dep. 151:5-153:7. In addition, she testified that she was required to assist tourists at the casino and that tour guides were regularly required to attend meetings at the casino. Lim Dep. 88:14-89:7, 127:2-128:7, 144:5-145:2. [4]

---

[4] Although the plaintiff cites Zhan's testimony for the proposition that the tour guides would not have reserved seating on any bus other than their scheduled one, her testimony on this point was referring to the availability of seats for customers, not tour guides. *See* Zhan Dep. 80:15-81:11.

The defendants dispute the plaintiff's testimony and assert that the tour guides were free to stay at the casino for leisure or choose to leave at any time. They rely on the testimony of the defendant Zhan and fourteen tour guides working for the defendants who all provided affidavits asserting that they could leave the casino on any departing bus they wished. *See* Zhan Dep. 76:3-8; Coleman Decl. Exs. D-Q, ¶¶ 18-19.[5] In her testimony, Zhan admitted that as a practical matter they always stayed in order to get tips from the customers they arrived with. Zhan Dep. 76:13-77:4. The defendants also argue that if the tour guides chose to remain at the casino, they were free to do with their time as they saw fit – they could (1) use the meal coupons they were provided, (2) gamble with play coupons they were provided as well as their own money, or (3) engage in any other leisure activities. The plaintiff does not dispute that she could and did engage in these activities at the casino, but also testified that if a tourist had a question for her she would help them. Lim Dep. 96:4-97:24, 129:10-130:24, 141:24-142:10.

The defendants argue that Lim's testimony alone that she was required to remain at the casino by the defendants is insufficient to create an issue of fact in the face of the contradictory testimony by the defendants and other affiants. While it is true that "conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist," *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted), the plaintiff's evidence here does not fall under this definition. There is no reason to wholly discount the plaintiff's testimony as the defendants suggest. She has asserted in her testimony that she and others attended specific meetings with the defendants where she was told that she was required to stay at the casino and return on a specific bus. To the extent the factfinder credits the plaintiff's testimony that she was required to remain at the casino and was on call to

---

[5] The plaintiff asserts that these affidavits should be disregarded as fabrications because of a supposed discrepancy between the affidavits and Zhan's testimony on whether the return buses were usually filled to capacity. There is no such discrepancy. The employees affirmed that no bus was ever filled to capacity and Zhan testified that many tourists would return with their assigned bus to ensure that they got a seat on a bus. There is no material contradiction between these statements.

assist tourists and attend meetings scheduled by the defendants for a certain amount of hours each workday, her time spent at the casino might well be considered work time. As in *Armour*, the fact that she used downtime to pursue leisure activities does not necessarily disqualify her on-call time as work. *See Armour*, 323 U.S. at 133; *but see Zhong v. Zijun Mo*, No. 10–CV–0806, 2012 WL 2923292, at *5 (E.D.N.Y. July 18, 2012) (in similar case involving tour guide required to return with a certain bus, since the plaintiff was not obligated to assist patrons beyond the first hour after the bus's arrival, only the first hour was compensable). Although the defendants can call other tour guides who will dispute the plaintiff's testimony, the issue concerning whose testimony to credit is one of fact. As the court is not a fact-finder on summary judgment, the existence of numerous witnesses whose testimony opposes the plaintiff's does not eliminate this factual dispute.

The defendants also assert that the plaintiff's testimony is unreliable because it is contradictory to some allegations in the Amended Complaint. The court does not find these discrepancies to merit wholly disregarding the plaintiff's testimony. Paragraph 24 of the Amended Complaint states that the responsibilities of tour guides "included selling tickets, and providing translation services to Chinese tourists, directing tourists to the various entertainment facilities of Mohegan Sun Casinos, mediating arguments among tourists, helping them exchange currency or to extract cash from cash machines, and generally providing guidance and information to facilitate a pleasurable tourist experience." Amended Complaint, [DE 53], ¶ 24. The only allegation here that the plaintiff contradicted in her testimony relates to cash machines – she testified that she did not help people extract money from ATM machines or exchange currency but only directed them to where ATM machines were. Lim Dep. 141:16-142:2. This discrepancy is insufficient to merit disregarding the plaintiff's testimony at this stage.

Nor have the defendants demonstrated that the plaintiff's time at the casino was so *de minimis* that it cannot be compensable. The Second Circuit has adopted a *de minimis* doctrine,

whereby "employers may disregard otherwise compensable work for purposes of the FLSA's overtime requirements '[w]hen the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours . . . . It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved.'" *Solis v. Security Credit Systems, Inc.*, No. 08-CV-267, 2011 WL 996792, at *5 (W.D.N.Y. Mar. 17, 2011) (quoting *Anderson v. Mt. Clemens Pottery*, 328 U.S. 680, 692 (1946)). To determine whether the disputed time is *de minimis*, the court takes into account three factors: "(1) the practical administrative difficulty of recording additional time; (2) the size of the claim in the aggregate; and (3) whether the claimants performed the work on a regular basis." *Solis*, 2011 WL 996792, at *5 (citing *Singh v. City of New York*, 524 F.3d 361, 370-71 (2d Cir. 2008)). Thus, time spent is *de minimis* if the activities are "infrequent" and of "brief duration." *Holzapfel*, 145 F.3d at 522. If the plaintiff was required to spend five hours on call each day as she asserts, her time there would be neither infrequent nor brief.

Thus, there are disputed issues of fact that that should preclude summary judgment for the defendants on the plaintiff's overtime claims.

### B. MINIMUM WAGE AND SPREAD OF HOURS CLAIMS

The issues of fact discussed above also preclude summary judgment for the defendants on the plaintiff's minimum wage and spread-of-hours claims. Under the NYLL, the minimum wage ranged from $6.00 to $7.25 per hour during the plaintiff's employment with the defendants, N.Y. Lab. Law § 652(1), and under the FLSA it ranged from $5.15 to $7.25 per hour, 29 U.S.C. § 206(a). As discussed above, it is unsettled whether the plaintiff was working for more than five hours per day for the defendants. Depending on how many hours she worked, at the rate of forty to forty-five dollars per day, the plaintiff may have been paid below the applicable minimum wage.

In addition, in her second claim, the plaintiff seeks "spread of hours" compensation under the NYLL. According to New York law, "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours . . . ." N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4; N.Y. Lab. Law § 652. "Spread of hours" is defined as "the interval between the beginning and end of an employee's workday . . . . [including] working time plus time off for meals plus intervals off duty." N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.18. The majority of district courts in this circuit are in accord with the New York Department of Labor's position that those earning more than the minimum wage are not entitled to spread-of-hours pay. *See, e.g.*, *Ellis v. Common Wealth Worldwide Chauffeured Transp. of NY, LLC*, No. 10-CV-1741, 2012 WL 1004848, at *6 (E.D.N.Y. Mar. 23, 2012); *Zubair v. EnTech Eng'g, P.C.*, 808 F. Supp. 2d 592, 601 (S.D.N.Y. 2011). The defendants would be entitled to summary judgment on this claim if the plaintiff's workday (including time spent off-duty) totaled less than ten hours a day, or if the plaintiff was paid above the minimum wage. As discussed above, however, there are issues of fact as to both of these issues that preclude summary judgment.

The court thus recommends denying the defendants' motion for summary judgment on the plaintiff's overtime, minimum wage and spread-of-hours claims.

## IV. THE PLAINTIFF'S MOTION: INDEPENDENT CONTRACTOR DEFENSE

The plaintiff has moved for summary judgment on the defendants' claim that she was an independent contractor and thus lacks standing to sue under the FLSA and the NYLL. The FLSA and NYLL both broadly define "employer." *Compare* 29 U.S.C. § 203(d) *with* N.Y. Lab. Law § 2(6). In order to determine whether a person is an employee or an independent contractor, however, the "ultimate concern is whether, as a matter of economic reality, the workers depend upon someone else's business for the opportunity to render service or are in business for themselves." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988). Courts make

this determination based on the totality of the circumstances and employ an "economic reality" test using five primary factors,

> (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business.

*Id.* at 1058-59; *see also Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 141-43 (2d Cir. 2008); *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003). "The existence and degree of each factor is a question of fact while the legal conclusion to be drawn from those facts—whether workers are employees or independent contractors—is a question of law." *Brock*, 840 F.2d at 1059.[6]

The plaintiff is not entitled to summary judgment on the defendants' claim that she was an independent contractor because there are disputed issues of fact as to her employment status. As to the first element of the inquiry, that of control, it is undisputed that Zhan hired Jack Wang to hire and fire the tour guides, that Zhan determined the base per diem amount paid by J&A to the tour guides, and that J&A kept records of such payments. Defs. Counter Rule 56.1 Stmt., [DE 94-3], ¶¶ 6-11. The defendants dispute the plaintiff's contention that Wang set the work schedule for the tour guides because it was the casino that set the bus schedules. *Id.* (citing Zhan Dep. pp. 50-56). Zhan's testimony does not fully support this statement – although she testified that the casino set the bus schedule, she also conceded that Wang assigned tour guides to specific buses at specific times. *See* Zhan Dep. 56:5-57:16. This demonstrates that the defendants did exercise at least some control over the plaintiff's schedule, but there are still issues of fact that

---

[6] Similar tests are applied to determine whether a party may be liable as an "employer" under both federal and state law. *See e.g. Velu v. Velocity Express, Inc.*, 666 F. Supp. 2d 300, 306-07 (E.D.N.Y. 2009) ("Although slightly different than the FLSA inquiry, the standard for determining a worker's status as an employee or independent contractor under New York State Labor Law is similar, and accounts for some of the same factors); *Gortat v. Capala Brothers, Inc.*, 257 F.R.D. 353, 367 n. 13 (E.D.N.Y. 2009).

-14-

preclude a finding of control. The defendants also dispute the plaintiff's contention that the tour guides were required to arrive at the bus at a certain time in advance in order to sell tickets. *See* Defs. Counter Rule 56.1 Stmt., [DE 94-3], ¶ 8 and Defs. Rule 56.1 Stmt, [DE 92-20], ¶¶ 25-26 (citing Zhan Dep. 65:13-20 and employee affidavits). Moreover, as discussed above, there are issues of fact as to the extent the defendants controlled the plaintiff's time at the casino. There are therefore disputed issues of fact as to whether and to what degree the defendants exercised control over the daily work of the tour guides.

The second factor, the plaintiff's opportunity for profit and loss, is also disputed. It is undisputed that advertising for the bus tours was paid for by the defendants and that the tour guides had no involvement in setting ticket prices, Pls. Rule 56.1 St. [DE 90] ¶¶ 21-22, 25; Defs. Counter Rule 56.1 Stmt. [DE 94-3] ¶¶ 21-22, 25. It is also undisputed that the defendants set the plaintiff's daily per diem salary. The defendants point out that Lim testified that she bought supplies like clipboards for her tour guide duties out of her own pocket, Defs. Counter Rule 56.1 Stmt. [DE 94-3] ¶ 37. The defendants also point out that in addition to the per diem rate she was paid by them, the plaintiff also earned tips through her own efforts. They also assert that the plaintiff had a "partnership agreement" with one of the bus drivers where she shared tips with him. Defs. Counter Rule 56.1 Stmt. [DE 94-3] ¶¶ 33-34. The plaintiff disputes this characterization of the agreement and asserts that the defendants required her to share tips. Lim Dep. 169:18-170:10. There are thus issues of fact as to the plaintiff's opportunity for profit and loss in her role as a tour guide.

As to the third factor, the plaintiff cites to defendant Zhan's deposition testimony that there are no requirements for someone to be a tour guide. Pls. Rule 56.1 St. [DE 90] ¶ 19. The defendants dispute this and point to the plaintiff's deposition testimony that tour guides were required to make announcements on the bus in at least two languages. Defs. Counter Rule 56.1 Statement [DE 94-3] ¶ 19. There is thus a disputed issue of fact on this factor as well.

As to the fourth and fifth factors, the permanence or duration of the working relationship, and the extent to which the work is an integral part of the employer's business, the plaintiff fares better, but there are still disputed issues of fact that preclude summary judgment. For instance, the plaintiff cites defendant Zhan's deposition testimony that tour guides rarely worked for other bus companies when they were working for J&A. Pl. Rule 56.1 Statement [DE 90] ¶ 26. Moreover, it is undisputed that the company's business was to sell tickets for travel to and from the Mohegan Sun Casino – a service executed by the tour guides. Defs. Rule 56.1 Statement [DE 92-20] ¶ 2. On the other hand, the defendants dispute the plaintiff's assertion that the defendants' records demonstrate that she worked for the defendants on a full time basis for five days a week. Indeed, the plaintiff admits to the defendants' statement that the plaintiff worked between three and five shifts per week during her time with the defendants. Defs. Rule 56.1 Statement [DE 92-20] ¶ 45; Pl. Counter Rule 56.1 Stmt. [DE 96] ¶ 45. Moreover, as discussed above, there are various issues of fact as to how many hours a day she was required to work for the defendants.

The plaintiff has provided supplemental authority in support of her motion in the form of Judge Reyes' recent decision in *Zhong v. Zijun Mo*, No. 10–CV–0806, 2012 WL 2923292 (E.D.N.Y. July 18, 2012). There, the court found that an individual performing similar work to that of the plaintiff was an employee and not an independent contractor. While the facts of that case are similar, they are not identical. Furthermore, that decision was made after a bench trial where the court could weigh the credibility of the parties, not on summary judgment. Here,

various issues turn on the credibility of Lim and Zhan's testimony as well as the interpretation of the defendants' records. Accordingly, as discussed above, there are various issues of fact in dispute that prevent a finding that the plaintiff was an employee, and not an independent contractor when she worked for the defendants. The plaintiff's motion for summary judgment should therefore be denied.[7]

## V. THE DEFENDANTS' MOTION: DEFAMATION AND TORTIOUS INTERFERENCE CLAIM

The plaintiff has not opposed the defendants' motion for summary judgment on her defamation and tortious interference claim. Indeed, in her opposition to the defendants' motion the plaintiff states that she "agrees to withdraw such claim." Pl. Memorandum in Opposition [DE 95], at 10. The court therefore recommends that the defendants' motion for summary judgment be granted on this claim.

### CONCLUSION

In accordance with the above considerations, I recommend that the defendants' motion for summary judgment on the plaintiff's defamation and tortious interference claim be granted but that the parties' motions for summary judgment should otherwise be denied.

\*          \*          \*          \*          \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified

---

[7] The parties raise several issues in passing in their memoranda of law that are not properly before the court. For instance, while the plaintiff has only moved for summary judgment on the independent contractor-employee issue, she also includes arguments in her memorandum of law for the proposition that the defendants' violations were "willful." The defendants also mention in a footnote that they may be entitled to a tip credit which could offset the minimum wage issue. A finding of willfulness affects the statute of limitations and the plaintiff's potential damages award. *See* 29 U.S.C. § 255(a); N.Y. Lab. Law § 198(1-a) (McKinney 2008). Moreover, under the FLSA and the NYLL, employers may be entitled to a tip credit where they have given employees notice of their intention to take a tip credit. *See Zhong*, 2012 WL 2923292, at \*5 (citing 29 U.S.C. § 203(m); *Chung v. New Silver Palace Rest., Inc.*, 246 F. Supp .2d 220, 228-29 (S.D.N.Y. 2002)); N. Y. Comp. Codes R & Regs. tit. 12, § 142-2.5(b) (2011). While there is some testimony on these issues in the record, neither party has moved for summary judgment on them and the court declines to address them further.

time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

                **Respectfully Recommended,**

                *Viktor V. Pohorelsky*

                VIKTOR V. POHORELSKY
                United States Magistrate Judge

Dated:   Brooklyn, New York
          December 3, 2012